WHITE BROTHERS CO.
PLAINTIFF,
                    vs.
JULIUS FRANK & MRS. JULIUS FRANK,
DEFENDANT.

8498

NO. 8498

COURT OF APPEAL FOR

PARISH OF ORLEANS.

WILLIAM A. BELL, JUDGE.

January 22, 1923.

Court of Appeal
PARISH OF ORLEANS
Jan'y 22/1923
Jno. Schroder
Clerk.

WILLIAM A. BELL, JUDGE.

Plaintiff sues the defendants herein who are man and wife for the balance of an open account amounting to $100.75. There was judgment in the Trial Court in favor of plaintiff for .75¢ the only amount admitted by defendants to be due. Issues of fact are alone involved in this case and all the evidence taken is in relation to the controversy over the price of a diamond ring sold for $100.00. We find in the record a document signed by the wife in which it was agreed between her and the plaintiff that all goods purchased under the open account might be paid for by instalment, and that in default of payment when due the entire unpaid balance would become due with 25% attorney's fees, in the event that account should be placed with an attorney for collection. This document is dated June 8, 1920. In connection with this agreement a duplicate pass book was issued by plaintiff to the wife. In this book on the first page thereof appears the total items of goods purchased, and, on subsequent pages appears credits for part payments and for two certain baby bracelets returned. The last entry in this book is in handwriting entirely different from any other entries, and reads as follows: "4-21-21- Dia.rg.r't 1.00"

The defendants have filed a written but unverified answer to this suit, signed by their attorney, in which they deny liability for the amount sued upon, or for 25% attorney's fees as claimed. They admit having dealt with the plaintiff, but especially deny that they owe ~~nothing~~ for a diamond ring bought on or about February 14, 1921, and value at $100.00, averring that said ring was returned to plaintiff and credit given therefor as shown by the pass book in their possession.

Although defendants contend that said ring was returned and its price credited on April 21, 1921, the record shows that on subsequent dates to-wit: June 8 and July 12, 1921 plaintiff wrote letters of demand to defendant wife calling her attention to the fact that she was delinquent in pass due payments on the account, then

shown to be the sum of $100.75, as now dued upon. At the trial of this case, the wife admits having received these two letters. Notwithstanding the receipt of these letters, and the fact that she claimed the pass book to contain a credit entry of $100.00 for the return of the diamond, there is no evidence that she replied in any manner to said letters or protested against the claims made upon her for payment until her visit to the plaintiff's store on June 28, 1921, at which time she then stated to the credit manager and his assistant that she had long ago returned the ring. The testimony of the credit manager and his assistant shows that upon advice from the wife that she had returned the diamond, she was told by them and others in the store as well as through a letter written by plaintiff on June 29, 1921 that no record whatever, in the store of plaintiff, was found, to justify her statement. When calling at the store June 28 she was asked to point out the clerk or employee in plaintiff's store to whom she claimed to have made return of the ring. It appears that the party pointed out by her was a clerk named Owen, and the testimony of the credit manager is to the effect that this clerk stated to the credit manager personally that he had never received the return of any ring from the wife. The method of crediting returned goods is shown, by the testimony, to be such as to produce four different records of return when goods are taken back and credit given therefor. The pass-book, the stock ledger book, a certain stock card and the account card are all records by which said returned transactions are recorded. In such cases it was shown that the account-card always contains red-ink credit for returned goods. The particular account-card representing the transactions had with the defendant wife, in this case, shows red ink credit entries for the return of two certain baby bracelets, but no other red ink credit entries appear on said card filed in evidence.

The credit return appearing in the pass book is plainly shown to be for only $1, though the abbreviations as to the article, implies a return of one diamond ring on April 21, 1921. It is hardly to be presumed that any clerk in the store could have been so incompetent as to make such an erroneous error by which only a $1 credit should have been given instead of a credit for $100.00. The evidence of the credit manager is to the further effect that said entry in the pass book was not made by any clerk in plaintiff's store, and no testimony or other evidence has been offered by the defendants who have pled the special defence in this case, to contradict the statement of the credit manager. Though the defendant wife claims to have pointed out the employee Owen, it is admitted by her that no effort has ever been made by her or her husband, defendants herein, to find or to call or produce this party as a witness, and no explanation has been made by them as to their failure to produce this witness. We are convinced that the defendants have not carried the burden imposed upon them to prove with reasonable certainty the special defence which has been pled by them, but on the contrary we are of the opinion that the presumptions of law are all in favor of the plaintiff, and that there should have been judgment accordingly.

It is therefore ordered, adjudged, and decreed that the judgment herein appealed from be, and the same hereby is amended so as to increase the amount allowed from seventy-five cents (.75¢) to One Hundred Dollars and Seventy-five Cents ($100.75) with legal interest thereon from date of judicial demand together with 25% attorney's fees and for all costs in both Courts.

JUDGMENT AMENDED AND AFFIRMED.

January 22, 1923.